UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| OMID HAMZEHZADEH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:20-CV-1868 PLC |
| | ) | |
| ST. CHARLES COUNTY, MISSOURI, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the "Motion and Suggestions in Support to Strike Certain Paragraphs or Plaintiff's First Amended Petition" filed by Defendants St. Charles County, St. Charles County Police Department,[1] David Todd, Christopher Hunt, and Joann Leykam (collectively, "Defendants"). [ECF No. 10] Plaintiff Omid Hamzehzadeh opposes the motion. [ECF No. 17] For the reasons stated below, the motion to strike is denied.

### I.    Background

Plaintiff, a police officer with the St. Charles County Police Department, whose race/national origin is Iranian and who is a member of the Local 42 Police Union, filed a first amended petition claiming that: (1) St. Charles County discriminated against him on the basis of race and/or national origin in violation of the Missouri Human Rights Act, Mo. Rev. Stat. § 213.010 *et seq*. (Count I); and (2) all Defendants retaliated against him for exercising his First Amendment rights to support a union in violation of 42 U.S.C. § 1983 (Count II). [ECF No. 8 at

---

[1] Plaintiff voluntarily dismissed Defendant St. Charles Police Department on February 5, 2021. [ECF No. 15]

¶¶ 51, 58]  In Count II of the first amended petition, Plaintiff alleged that Defendants "created an unconstitutional policy to intentionally retaliate against any County Police officer who exercised their constitutional right to be a union member by implementing promotion, demotion, disciplinary and termination policies and procedures that were not equally applied to County Police officers who were not union members."[2]  [Id. at ¶ 58]  Plaintiff sues Defendants Todd, Hunt, and Leykam in their individual and official capacities.  [Id. at ¶¶ 4-6]

In support of his claim that Defendants treated him less favorably than non-union-member police officers, Plaintiff alleged:

65.   Defendants St. Charles County, County Police, Todd, Hunt and Leykam have failed to discipline, suspend[] or terminate others with actual County Police violations who were not union members, in particular the following:

a.  St. Charles County was sued for sexual harassment by Stephanie Fisk. Todd and Sgt. Jett were the two employees of St. Charles County that Fisk named as her sexual harassers.  The County paid over $500,000.00 to Fisk to settle the lawsuit.  Sexual harassment is not permitted pursuant to St. Charles County policy.  Todd and Jett are not Local 42 union members and were not disciplined or suspended.

b.  Hunt was retained by St. Charles County while he was on bond for burglary, assault and property damage charges.  Hunt was convicted, however, the conviction was overturned on appeal.  Hunt later pled to the misdemeanor.  Hunt was a union member at one time, but not during his appeal and after he pled to the misdemeanor.

c.   Hunt damaged a County Police vehicle that he was driving for employment not related to the County Police.  Hunt was not authorized to drive the vehicle at the time he damaged the vehicle, in violation of County Police policy.  Hunt was not disciplined or suspended.

---

[2] More specifically, Plaintiff stated that, as a result of his union activity, Defendants:  (1) denied Plaintiff promotions to "numerous special assignments"; (2) harassed Plaintiff "in the form of an internal affairs investigation based on unfounded allegations" that he provided alcohol to and had "nonconsensual sex" with a twenty-year-old woman; (3) suspended Plaintiff for one day without pay, even though various investigations found no support for the allegations against him and no criminal charges were brought; and (4) "leaked details of the internal affairs investigation … in order to harass, disparage and defame" Plaintiff.  [Id. at ¶¶ 15, 60-63]

d.  Leykam, Todd and Hunt were involved with preventing Leykam's niece from being arrested and charged with two felonies.  The responding officer was directed by Hunt to bring Leykam's niece to Leykam's house and no charges were filed.  No one was disciplined or suspended.

e.  Sgt. Streck damaged a bathroom sink at Trailhead on mainstreet [sic].  He is not a Local 42 union member and was not disciplined or suspended.

f.  Lt. McMann was stopped for suspicion of a DWI in Lincoln County.  A County Police officer was dispatched to pick up Lt. McMann and take him to his residence.  Lt. McMann is not a Local 42 member and was not disciplined or suspended.

g.  Sgt. Davis was stopped on two separate times in 2019 for suspicion of a DWI.  He was subsequently promoted.  After his promotion, he was stopped for suspicion of a DWI at the Lake of the Ozarks.  He is not a Local 42 union member and was not suspended or disciplined.

h.  Officer Hopkins disregarded orders to terminate a high-speed pursuit.  The pursuit resulted in the fatality of driver that was not involved in the pursuit.  A wrongful death suit is pending.  Hopkins is not [a] Local 42 member and was not disciplined or suspended.

[Id. at ¶ 65 (a) – (h)]  Plaintiff then stated that two union-member employees, Chris Barnett and Tom Tumbrink, "have been subjected to the same unconstitutional policy as [Plaintiff]," and provided examples of adverse employment actions they allegedly experienced.  [Id. at ¶¶ 66-70]

## II.   Discussion

Defendants filed a motion to strike pursuant to Federal Rule of Civil Procedure 12(f), arguing that the allegations in the first amended petition's paragraph 65 are "immaterial and impertinent" to the section 1983 municipality liability claim Plaintiff purports to allege in Count II because they do not relate to an a municipal policy or custom.  [ECF No. 10] Defendants further assert that paragraph 65 is "clearly prejudicial" because it would require Defendants to "expend time and resources litigating irrelevant issues" and are intended to "blacken [Defendants'] reputations, as well as unrelated non-parties' reputations" and "influence the pool of potential future jurors."  [Id. at 5-6]  Plaintiff counters that the allegations in question demonstrate "how

Defendants created an unconstitutional policy to harass and discipline union employees." [ECF No. 17 at 4]

Rule 12(f) allows the Court to strike from a pleading, "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  "Immaterial claims are those lacking essential or important relationships to the claim for relief.   Impertinent claims are those that do not pertain to the issues in question." Brown v. City of St. Louis, Missouri, 4:18-CV-1676 JMB, 2019 WL 3577491, at *3-4 (E.D. Mo. Aug. 6, 2019) (quoting Simms v. Chase Student Loan Servicing, LLC, No. 4:08-CV-1480 ERW, 2009 WL 943552, at *2, n.3 (E.D. Mo. Apr. 6, 2009)).  "The party moving to strike bears the burden of demonstrating that the challenged allegations are so unrelated to [the plaintiff's] claim that they are devoid of merit, unworthy of consideration and are unduly prejudicial." Hall v. City of St. Louis, 465 F.Supp.3d 937, 952 (E.D. Mo. 2020) (quoting Whitlock-Kincade v. United States DOD, 4:06-CV-895 RWS, 2007 WL 781810 (E.D. Mo. March 13, 2007)).  Although courts enjoy "broad discretion" in determining whether to strike a party's pleadings, such an action is "an extreme measure." Stanbury Law Firm, P.A. v. IRS, 221 F.3d 1059, 1063 (8th Cir. 2000). For this reason, motions to strike are "viewed with disfavor and are infrequently granted." Id.

Defendants argue that the allegations in paragraph 65 are immaterial and impertinent to Plaintiff's claim that Defendants retaliated against him pursuant to an unconstitutional policy that disparately treated union-member employees. "The First Amendment's protection of the freedom of association provides public employees with a right to organize a labor union, Int'l Ass'n of Firefighters, Local No. 3808 v. City of Kansas City, 220 F.3d 969, 972 (8th Cir. 2000), and to participate in union activities, Roberts [v. Van Buren Pub. Schs., 773 F.2d 949, 957 (8th Cir. 1985)]." Strinni v. Mehlville Fire Prot. Dist., 681 F.Supp.2d 1052, 1069 (E.D. Mo. 2010).  To

4

establish employer retaliation in violation of the First Amendment, a public employee must prove: "(1) he engaged in activity protected by the First Amendment; (2) the defendants took an adverse employment action against him; and (3) the protected conduct was a substantial or motivating factor in the defendants' decision to take the adverse employment action."  Lyons v. Vaught, 875 F.3d 1168, 1172 (8th Cir. 2017).

A municipality may be liable for an unconstitutional retaliation if the municipality's policy or custom caused the violation of the plaintiff's First Amendment rights.  Davison v. City of Minneapolis, Minn., 490 F.3d 648, 659 (8th Cir. 2007) (citing Monell v. Dept. of Soc. Servs., 436 U.S. 658, 690-91 (1978)).  To prevail on a municipal liability claim for retaliation in violation of a plaintiff's First Amendment rights, a plaintiff must prove that either the policy was "officially adopted and promulgated by" the municipality, or the practice is "so permanent and well-settled so as to constitute a custom, that existed and through which" the municipality acted in violating the plaintiff's constitutional right.  Id. (citing City of St. Louis v. Praprotnik, 485 U.S. 112, 121 (1988)).

Defendants suggest that the complained of allegations are not probative of a policy to retaliate against union-member employees by disciplining them more severely than non-union-member employees because the conduct cited in those allegations is different than that for which Plaintiff was allegedly disciplined.  However, Defendants cite no authority supporting their position that establishing a retaliatory policy requires evidence of an employer's disparate responses to the same misconduct by union- and non-union-member employees.

After reviewing the cited paragraph and subparts, as well as the other allegations in the first amended petition, the Court concludes that the challenged paragraphs are not so immaterial, impertinent, or prejudicial as to warrant the extreme measure of striking.  See, e.g., Ziegler v. City

of St. Louis, Mo., No. 4:18-CV-1577 JAR, 2020 WL 709257, at *4 (E.D. Mo. Feb. 12, 2020) (denying motion to strike allegations relating to "the Stockley verdict, the nature of public protests in response thereto, and prior orders of this Court" concerning police actions in response to public protests); Brown, 2019 WL 3577491, at *3-4 (denying the defendants' motion to strike allegations relating to the defendants' policies for providing medical attention and health screening for prisoners where the plaintiff did not claim that she was arrested);  Hurlburt v. Lohr Distrib. Co., Inc., No. 4:17-CV-2733 JMB, 2018 WL 3870109, at *10 (E.D. Mo. Aug. 15, 2018) (denying motion to strike portions of complaint referencing dismissed and untimely claims).  To the contrary, the allegations in paragraph 65 are relevant to Plaintiff's claims and the issues in this case.  Because Defendants have not satisfied their burden by demonstrating that the complained of allegations are "devoid of merit," "unworthy of consideration" and "unduly prejudicial," the Court denies Defendants' Rule 12(f) motion to strike.

## III.    Conclusion

For the reasons stated above,

**IT IS HEREBY ORDERED** that Defendants' "Motion and Suggestions in Support to Strike Certain Paragraphs or Plaintiff's First Amended Petition"  [ECF No. 10] is **DENIED**.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE


Dated this 26th day of February, 2021

6